**RIO PROPERTIES, Plaintiff–Appellee,**

**v.**

**ARMSTRONG HIRSCH JACKOWAY TYERMAN & WERTHEIMER, Defendant,**

**and**

**Stewart Annoyances, Ltd., and Roderick Stewart, Defendants–Appellants.**

**Rio Properties, Plaintiff– Cross–Appellant,**

**v.**

**Armstrong Hirsch Jackoway Tyerman & Wertheimer, Defendant,**

**and**

**Stewart Annoyances, Ltd., and Roderick Stewart, Defendants– Cross–Appellees.**

**No. 02–17402.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2004.

Decided March 29, 2004.

Kristina Pickering, Esq., Morris & Pickering, Las Vegas, NV, for Plaintiff–Appellee.

Louis R. Miller, Esq., Larry S. Greenfield, Esq., Christensen Miller Fink Jacobs Glaser Weil & Shapiro, LLP, Los Angeles, CA, for Defendant/Defendant–Appellant.

Daniel F. Polsenberg, Esq., Beckley Singleton, Chtd., Las Vegas, NV, Lynn Kirsch, Esq., Boyac Bernhard & Leslie, Las Vegas, NV, for Defendant.

Kerry Lynn Garvis, Esq., Christensen Miller Fink Jacobs Glaser Weil & Shapiro, LLP, Los Angeles, CA, Beau Sterling, Esq., Beckley Singleton, Las Vegas, NV, for Defendant–Appellant.

Before: B. FLETCHER and REINHARDT, Circuit Judges, and RESTANI,* Judge.

## MEMORANDUM **

Rio Properties, Inc. ("Rio") filed suit against singer Roderick Stewart, his company Stewart Annoyances, Ltd. ("SAL"), and the law firm of Armstrong Hirsch Jackoway Tyerman and Wertheimer ("Armstrong Hirsch") to recover a $2,000,000 advance fee that Rio paid Stewart, through escrowee Armstrong Hirsch, for a concert ("Second Concert") that Stewart was later unable to perform due to his diagnosis and treatment for thyroid cancer. Rio sought recovery of the fee under breach of contract and unjust enrichment theories, and the district court granted its motions for summary judgment and attorneys' fees. In No. 02–17402, Stewart and SAL challenge the district court's interpretation of the contract and its exclusion of extrinsic evidence supporting an alternative interpretation. Rio's cross-appeal, No. 03–15028, seeks statutory pre-judgment interest on a portion of the district court's award.

In its October 7, 2002 summary judgment order, the district court relied exclusively on the terms of an amendment ("Amendment") to the original contract between the parties ("Agreement") in granting summary judgment to Rio, finding them clear, unambiguous, and controlling. This was error. In Paragraph 5 of the Amendment, the parties provided that, "[e]xcept as specifically amended hereby the terms of the existing [A]greement between the parties are hereby ratified and affirmed and shall apply for all purposes to the 2000 Concert." Thus, the district

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

court erred in not looking to the contract as a whole to resolve the parties' dispute.

The Agreement contained a broad force majeure provision that, on its face, supports Stewart's argument that he was entitled to reschedule the Second Concert when he could not perform due to illness. It provided that if any party's performance became impossible by *"any [] cause beyond such party's reasonable control* (excepting causes of which the SAL or Rio had knowledge, or in the exercise of due diligence should have had knowledge), then *there shall be no claim for damages* by either party to this Agreement, *and the performance shall be rescheduled to a mutually agreeable time."* Agreement ¶ D(17) (emphasis added). Given the express terms of this provision, it may indeed apply to the present case, where the unrefuted evidence before the district court established that Stewart's performance was impossible due to his illness. *See Horsemen's Benevolent & Protective Ass'n v. Valley Racing Ass'n,* 4 Cal.App.4th 1538, 6 Cal.Rptr.2d 698, 713 (1992) ("Force majeure is not necessarily limited to the equivalent of an act of God, but the test is whether under the particular circumstances there was such an insuperable interference occurring without the parties' intervention as could not have been prevented by prudence, diligence and care."). Even Rio concedes that Stewart's medical condition was beyond his reasonable control.

Further, extrinsic evidence on the intent of the parties is admissible because the integrated agreement is reasonably susceptible to Stewart's interpretation that Paragraph D(18) is inapplicable to the Second Concert and that he was entitled to reschedule under Paragraph D(17). *See Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.,* 69 Cal.2d 33, 69 Cal.Rptr. 561, 442 P.2d 641, 644 (1968) ("The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible."); *see also Banco Do Brasil, S.A. v. Latian, Inc.,* 234 Cal.App.3d 973, 285 Cal.Rptr. 870, 891 (1991). In fact, Stewart likely had the right to reschedule the Second Concert under the Agreement's force majeure provision unless Paragraph D(18), which specifically provided that the *Millennium Concert* would be canceled if Stewart's illness or incapacity rendered him incapable of performing, can be construed to apply to the Second Concert as well. In resolving this issue, the district court must admit Stewart's proffered extrinsic evidence regarding the nature and purpose of the integrated contract, its negotiation and execution, and the parties' intent in including the artist illness and force majeure provisions. Thus, we conclude that the district court abused its discretion in refusing to admit Stewart's extrinsic evidence related to the applicability of the force majeure clause and the inapplicability of Paragraph D(18).[1]

Because the district court erroneously granted summary judgment in favor of Rio, its judgment, including its award of Rio's reasonable attorneys' fees and costs, cannot stand. There are triable issues of material fact as to the proper meaning and scope of the integrated contract's terms that must be resolved by a finder of fact.

---

1. Like the district court, we find that the terms of the Amendment are not reasonably susceptible to Stewart's alternative proffered interpretation that he would have to refund the advance fee *only* if he accepted an offer for a paid performance on December 31, 2000, but failed to meet the Amendment's notice provisions. Similarly, the integrated contract is not reasonably susceptible to Stewart's other alternative claim that the par-

*See Maffei v. N. Ins. Co. of New York,* 12 F.3d 892, 898 (9th Cir.1993) (stating that, if a contract is ambiguous, "summary judgment is improper because differing views of the intent of the parties will raise genuine issues of material fact"); *Horsemen's Benevolent & Protective Ass'n,* 6 Cal. Rptr.2d at 710 ("When the meaning of contractual language is doubtful or uncertain and parol evidence is introduced to aid in its interpretation, the meaning of the contract is a question of fact."). Finally, Rio's cross-appeal must be dismissed because it is predicated on the district court's fee award, which we reverse in No. 03–15244.

No. 02–17402 REVERSED and REMANDED; No. 03–15028 DISMISSED.

ties agreed to a liberal rescheduling provision for the Second Concert. Thus, the district court correctly refused to admit extrinsic evidence related to these alternative theories, as such evidence would contradict, rather than explain, the language in the contract. *See Banco Do Brasil, S.A.,* 285 Cal.Rptr. at 891 ("Testimony of intention which is contrary to a contract's expressed terms ... does not give meaning to the contract; rather it seeks to substitute a different meaning.... [S]uch evidence must be excluded.") (quoting *Gerlund v. Elec. Dispensers Int'l,* 190 Cal.App.3d 263, 235 Cal.Rptr. 279, 282 (1987)).